IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MIDDLESEX MUTUAL ASSURANCE CO. d/b/a MIDDLEOAK a/s/o ORANGETOWN HOUSING AUTHORITY**<br>        **Plaintiff,**<br><br>   v.<br><br>**JOSEPH LIST**<br>        **Defendant.** | **CIVIL ACTION NO.:** |

## COMPLAINT

Plaintiff, Middlesex Mutual Assurance Company d/b/a MiddleOak a/s/o Orangetown Housing Authority, by and through undersigned counsel, hereby demands judgment against Defendant, Joseph List, complaining against him as follows:

## PARTIES

1.  Middlesex Mutual Assurance Company d/b/a MiddleOak Insurance Group (hereinafter "Plaintiff"), at all times relevant hereto, was a commercial entity organized and existing under the laws of the State of Connecticut; its principal place of business is at 213 Court Street, Middletown, CT.

2.  At all times relevant hereto, Plaintiff was duly authorized to engage in the business of (*inter alia*) property insurance in the State of New York.

3.  At all times relevant hereto, Plaintiff provided property insurance to Orangetown Housing Authority (hereinafter "subrogor") in connection with the property known as Courtwood Village located at 34 E. Courtwood Road in Orangeburg, New York (hereinafter the "subject property").

4.  At all times relevant hereto, Defendant, Joseph List (hereinafter "Defendant") was

an adult individual residing in Unit #52 at the subject property (hereinafter "the origin property").

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

6. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

7. On or about July 25, 2015, a fire occurred at the origin property causing extensive damage thereto, as well as to other parts of the subject property.

8. Subsequent investigation revealed that the fire was caused by Defendant's negligent use and/or disposal of smoking materials at about the curtilage of the origin property.

9. In the wake of the fire, as obligated under the applicable insurance policy, Plaintiff paid subrogor nearly $1,000,000.00 for covered damages giving rise to its claim; Plaintiff thus became subrogated to the claims asserted herein against Defendant.

## COUNT I – NEGLIGENCE

10. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

11. At all times relevant hereto, Defendant owed a duty of care to subrogor to exercise reasonable care at the origin property, as well as to avoid creating unreasonable risk of harm to the subject property.

12. Defendant negligently and/or otherwise unlawfully breached his duty of care to the subrogor by, *inter alia*:

a. failing to safely and/or properly discard smoking materials;
b. failing to ensure smoking materials were properly handled / disposed of;
c. failing to take adequate precautions to protect the subject properties from damage by fire;
d. permitting a dangerous condition to exist by negligently allowing smoking materials to be unattended and/or mishandled;
e. improperly and/or inadequately maintaining the origin property so as to prevent property damage to the subject properties;
f. leaving smoking materials smoldering after disposal;
g. failing to adequately protect the subject property from sustaining damage by properly extinguishing a smoldering fire once discovered; and/or
h. otherwise failing to exercise due care under the circumstances.

13. As the direct and proximate result of the above-referenced negligent and/or otherwise unlawful acts and/or omissions of Defendant, subrogor sustained substantial damage to the subject property.

14. In the wake of the fire, as obligated under the applicable insurance policy, Plaintiff paid subrogor nearly $1,000,000.00 for covered damages giving rise to its claim; Plaintiff thus became subrogated to the claims asserted herein against Defendant.

**WHEREFORE**, Plaintiff hereby demands judgment in its favor and against Defendant for the losses sustained as a result of the fire, together with interest, delay damages, costs incident to this suit, attorney fees, and for such other relief as this Honorable Court deems appropriate.

CLARK & FOX

BY: *Megan K. Foster*
Megan K. Foster(MF0554)
Attorneys for Plaintiffs
404 Fifth Avenue, 3rd Floor
New York, New York 10018
646-506-4707
646-506-3777(fax)
mfoster@clarkfoxlaw.com

Dated: September 11, 2017